Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 02-1218

DONATILO CABRERA-ALVARADO,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW FROM THE
BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Howard, Circuit Judge.

Anthony J. Rossi with whom Rossi & Blaisdell was on brief for petitioner.
Janice K. Redfern, Attorney, Office of Immigration Litigation, with whom Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, and Terri J. Scadron, Senior Litigation Counsel, Office of Immigration, Department of Justice, were on brief for respondent.

December 20, 2002

**Per Curiam**.  This petition for review challenges a Board of Immigration Appeals (BIA) order.  The challenged order dismissed an appeal from an immigration judge's denial of a motion to reopen deportation proceedings.  Petitioner Donatilo Cabrera-Alvarado, a citizen of El Salvador, entered the United States unlawfully in late 1987 and was ordered deported on June 6, 1988.  Petitioner did not comply with the deportation order.  Instead, he moved to the Boston area, where he resided for the next decade.

On September 11, 1998, petitioner moved to reopen his deportation proceedings.  In his motion, petitioner stated that he intended to apply for suspension of deportation under section 203 of the Nicaraguan and Central American Relief Act of 1997 (NACARA), Pub. L. No. 105-100, 111 Stat. 2193, 2196, amended by Pub. L. No. 105-139, 111 Stat. 2644.  This statutory provision restored, to certain classes of aliens for a period of time, a right to apply for suspension of deportation that had been eliminated by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546.  See generally Appiah v. INS, 202 F.3d 704, 707-10 (4th Cir. 2000).  A related regulation established November 18, 1999 as the deadline for filing with the Immigration Court the underlying application for suspension of deportation.  See 8 C.F.R. § 3.43(c).

Petitioner did not file an application for suspension of deportation with the Immigration Court on or before November 18,

1999.  Instead, he appears to have mailed his application to an INS service center in St. Albans, Vermont on or around November 12, 1999.  There is some evidence indicating that the St. Albans service center may have received the application as early as November 15, 1999.  On December 14, 1999, the center sent petitioner notice that it had received his application.  But on April 24, 2000, an immigration judge denied petitioner's motion to reopen because petitioner "has not filed an application for relief."

Petitioner filed a pro se appeal to the BIA challenging the immigration judge's finding that he had not filed an application for suspension of deportation.  In his BIA brief, petitioner stated that, in fact, he had filed such an application with the St. Albans service center "[o]n or about November 29, 1999."  Petitioner also asserted that he "was never made aware that said application for relief was to be filed with the Immigration Court."  In a decision dated January 24, 2002, the BIA dismissed petitioner's appeal for failure to comply with the procedural requirements of the NACARA.  In so doing, the BIA explicitly noted petitioner had admitted that he did not file his application with the St. Albans service center until November 29, 1999, which was several days after the regulatory deadline.

In his brief to this court, the now-represented petitioner argues that, because the St. Albans service center

actually received the application for suspension of deportation on November 15, 1999, the application should receive consideration on the merits. As petitioner concedes, we must uphold the BIA's decision unless the Board abused its discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992). Two independent reasons support our conclusion that no abuse of discretion occurred here. First, petitioner's linchpin assertion that he in fact met the November 18, 1999, deadline for filing his application directly contradicts his statement to the BIA that he filed his application with the St. Albans service center on November 29, 1999. See Sousa v. INS, 226 F.3d 28, 31-32 (1st Cir. 2000) (declining to decide whether we might address a meritorious claim not first presented to the BIA but making clear that only exceptional circumstances, if any, warrant an award of relief on a basis not first aired at the administrative level). Second, petitioner has not developed any argument at all that mailing his application to the St. Albans service center was adequate to satisfy his regulatory obligation to file the application with the Immigration Court. See 8 C.F.R. § 3.43(c).

Petition dismissed.